IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DANTE HOSEA, PRO SE<br><br>                 Petitioner,<br><br>v.<br><br>JAMIE DIMON, CHIEF EXECUTIVE OFFICER ET AL., JPMORGAN CHASE BANK, ET AL.,<br><br>                 Respondent. | Civil Action No.: 2:19-mc-34-MSD-DEM |

**RESPONSE TO NOTICE OF REGISTRATION OF FOREIGN JUDGMENT**

NOW COME Respondents Jamie Dimon and JPMorgan Chase Bank, N.A. ("Chase"), by counsel, pursuant to Local Rules 7.1(f) and 7.2 and responds to the filing by Petitioner Dante Hosea entitled, "Notice of Registration of Foreign Judgment pursuant to [28 USC §§ 1963]" filed on October 9, 2019.

**HISTORY OF PROCEEDINGS**

Petitioner Dante Hosea ("Hosea") has commenced multiple legal proceedings in different legal venues against JPMorgan Chase Bank, N.A. ("Chase") seeking to avoid enforcement of a mortgage debt, and the filing in this matter is just the latest example.

On August 30, 2018, Hosea filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia, Case Number 18-73058-FJS ("the First Bankruptcy"). The First Bankruptcy was dismissed on November 27, 2018 following a motion by the Trustee due to failure of Hosea to comply with a variety of rules or to make any plan payments. Trustee's Motion to Dismiss, Case No. 18-73058-FJS, Doc. 32 (November 16, 2019); Order Dismissing Case, Case No. 18-73058-FJS, Doc. 36 (November 27, 2019).

On or about November 6, 2018, Hosea filed an action in the Circuit Court for the City of Virginia Beach assigned file number CL18-5198, which action was later removed to this Court as file number 2:18-cv-663-MSD-DEM on December 14, 2018 ("the First Civil Action").  The First Civil Action alleged claims against JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and to nullify an assignment of a deed of trust recorded in the land records of the Circuit Court of the City of Virginia Beach as Instrument No. 20160621000528890.  Notice of Removal, Case No. 2:18-cv-663-MSD-DEM, Doc. 1-2 at 1 (December 14, 2018).  Chase appeared and moved to dismiss the action.  Motion to Dismiss, Case No. 2:18-cv-663-MSD-DEM, Doc. 8 (January 4, 2019).  Before the motion to dismiss was disposed, Hosea sought to voluntarily dismiss the First Civil Action on the grounds that "it is not in the best interest of the estate to proceed at this time."  Letter from "Dante Raynard Hosea, Estate," Case No. 2:18-cv-663-MSD-DEM, Doc. 14 (April 11, 2019).  After giving Hosea notice and an opportunity to explain his filing, the Court ultimately dismissed the First Civil Action without prejudice.  Order, Case No. 2:18-cv-663-MSD-DEM, Doc. 16 (May 6, 2019).  A motion remains pending in the First Civil Action to cancel a *lis pendens*.  Motion to Release Lis Pendens, Case No. 2:18-cv-663-MSD-DEM, Doc. 18 (September 27, 2019).

On or about July 19, 2019, Hosea commenced a second action in the Circuit Court for the City of Virginia Beach assigned file number CL19-4050, which action was later removed to this Court as file number 2:19-cv-400-MSD-DEM on August 1, 2019 ("the Second Civil Action"). Notice of Removal, Case No. 2:19-cv-400-MSD-DEM, Doc. 1 (August 1, 2019).  Hosea also filed an "Emergency Motion for Temporary Restraining" [sic], which motion was never heard or decided.  Plaintiff's Emergency Motion, Case No. 2:19-cv-400-MSD-DEM, Doc. 4 (August 1,

2019). The Second Civil Action only specifically named Chase in the caption of the Complaint but appears to attempt to describe claims against other parties including, "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse to Plaintiff's Title, Or Any Cloud On Plaintiffs' Title Thereto." Complaint, Case No. 2:19-cv-400-MSD-DEM, Doc. 1-1 at 3, ¶ 3 (August 1, 2019). The Second Civil Action alleged a single claim for "Wrongful Foreclosure" on the grounds that Chase did not have standing to seek foreclosure. *Id.* at 5, ¶¶ 13-16.

In response to the Second Civil Action, Chase appeared and moved to dismiss the action for failure to state a claim. Motion to Dismiss, Case No. 2:19-cv-400-MSD-DEM, Doc. 5 (August 5, 2019). Hosea never responded to the Motion. Chase's Motion to Dismiss remains pending at this time.

The day after Chase filed its motion to dismiss in the Second Civil Action, Hosea filed a second Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Virginia, Case Number 19-72939-SCS ("the Second Bankruptcy"). The Second Bankruptcy was dismissed within days on August 21, 2019 for failure to comply with 11 U.S.C. § 109(h)(1) (requiring credit counseling prior to commencement of the case).

Plaintiff initiated this matter on October 9, 2019 by the filing of a document entitled "Notice of Registration of Foreign Judgment pursuant to [28 USC §§ 1963]." The Notice includes an attachment that purports to be a "Final Arbitration Award" issued by Sandra Goulette of Laurel, Mississippi on behalf of the "Sitcomm Arbitration Association" located in White Oak, Texas.

**ARGUMENT**

The Court should deny the registration of this judgment. The "judgment" is proffered under 28 U.S.C. § 1963. (Notice, Doc. 1 at 1.) Section 1963 provides as follows:

3

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963. The purported "Final Arbitration Award" is not a "judgment" entered by a "court of appeals, district court, bankruptcy court, or in the Court of International Trade." Accordingly, it is not properly before the court for registration under § 1963.

The Notice also makes reference to 31 U.S.C. § 1321, though it is unclear why. (Notice, Doc. 1 at 1.) Section 1321 is a portion of the appropriations statutes that identifies and defines various trust funds existing under federal law. It bears no relationship to entry or recordation of any civil judgment for damages.

Petitioner's filing further does not comply with 9 U.S.C. § 9, which governs the confirmation of an arbitration award under the Federal Arbitration Act. A petition to confirm an award must demonstrate an agreement between the parties to the arbitration and confirmation must be sought in the "district within which such award was made." 9 U.S.C. § 9. The filing contains no evidence that Chase or it's CEO agreed to arbitrate before the Sitcomm Arbitration Association. If the purported award is to be believed, it was rendered in Laurel, Mississippi between the conclusion of the First Civil Action and before the commencement of the Second Civil Action or Second Bankruptcy, though neither subsequent case made any mention of the entry of an arbitration award.[1]

---

[1] Chase notes that at least one of the signatures on the purported arbitration award does not appear to be a handwritten signature at all. (Arbitration Award, Doc. 1-1 at 20.)

4

The "Sitcomm Arbitration Association" has already been found by one district court to be a sham. The United States District Court for the Northern District of Oklahoma recently described a nearly identical arbitration award issued by the Sitcomm Arbitration Association as "a bizarre jumble of inconsistent, nonsensical word salad." *U.S. Bank National Association v. Nichols*, Case No. 19-cv-482-JED-FHM at *2 (September 10, 2019). Indeed, sham arbitration schemes by debtors seeking to eliminate their debts have been around for a long time. *See e.g. Karnette v. Wolpoff & Abramson, L.L.P.*, No. 3:06-cv-44, 2007 WL 922288, *2, n. 4 (March 23, 2007). In any event, the filing does not comply with the legal authorities upon which it relies, nor does it make any showing necessary for the Court to treat the Notice as a Motion under the FAA, and the registration should be rejected.

## CONCLUSION

For the reasons stated above, the filing is improper on its face and should be denied.

                                                  Respectfully submitted,

                                                  JPMorgan Chase Bank, N.A.,
                                                  By Counsel

Dated: October 23, 2019.

                                                  NELSON MULLINS RILEY & SCARBOROUGH LLP

                                                  */s/ Donald R. Pocock*
                                                  Donald R. Pocock (VSB No. 93126)
                                                  NELSON MULLINS RILEY & SCARBOROUGH LLP
                                                  380 Knollwood Street, Suite 530
                                                  Winston-Salem, NC 27103
                                                  Telephone: (336) 774-3324
                                                  Facsimile: (336) 774-3376
                                                  Email: donald.pocock@nelsonmullins.com

                                                  *Counsel for Respondents Jamie Dimon and*
                                                  *JPMorgan Chase Bank, N.A*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of October, 2019, a true and accurate copy of the foregoing *Response* was sent via U.S. Mail to:

Donte Hosea
3700 Ben Key
Virginia Beach, VA 23452

Email: dante_hosea@yahoo.com

*Pro Se Plaintiff*

 

*/s/ Donald R. Pocock*
Donald R. Pocock (VSB No. 93126)
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: (336) 774-3324
Facsimile: (336) 774-3376
Email: donald.pocock@nelsonmullins.com

*Counsel for Respondents Jamie Dimon and JPMorgan Chase Bank, N.A*